PER CURIAM.
| denied. ■ The district court did not err when it summarily denied post-conviction relief. Relator’s claim concerning the state’s misrepresentation of evidence at a pretrial hearing was fully litigated on ap *1059 peal and the interests of justice do not require the Court to revisit the issue. See La.C.Cr.P. art. 930.4(A). Relator has also made no threshold showing that the state suborned perjury that would warrant an evidentiary hearing. La.C.Cr.P. art. 929; La.C.Cr.P. art. 930.
Relator has now folly litigated his claims for state post-conviction relief. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been folly litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.
HUGHES, J., would grant the writ.